IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02769-GPG-KAS

ALEXANDER NOEL GARCIA,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, Crediting Reporting Agency,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the following Motions:

- Plaintiff's **Motion for Contempt of Court Against Defense Counsel Alexander Prunka for Failure to Comply with Court Order** (Doc. 161) [#167];

- Plaintiff's **Motion for Sanctions Under Fed. R. Civ. P. 37(b)(2) for Failure to Comply with Court Order** (Doc. 161) [#168];

- Plaintiff's **Motion to Extend All Deadlines by 45 Days Due to Defendant's Noncompliance with Court Order and Discovery Obligations** [#169];

- Plaintiff's **Motion for Protective Order** [#190];

- Plaintiff's **Motion to Compel Supplemental and Amended Responses and for Sanctions** [#192];

- Plaintiff's **Motion for Leave to Request Judicial Notice** [#193]; and

- Plaintiff's **Motion for Sanctions** [#194].

    The Motions [#167, #168, #169, #190, #192, #193, #194] have been referred to the undersigned. *See Memorandums* [#172, #173, #195].

**A.     Plaintiff's Motion for Contempt [#167]**

Plaintiff requests an order holding former counsel for Defendant, Alex Prunka, in contempt for an alleged failure to comply with a prior discovery order. *See Motion* [#167] at 1. At an October 2, 2025 discovery hearing, the Court ordered Defendant to produce certain documents to Plaintiff no later than October 14, 2025. *See Minute Entry* [#161]. In the Motion [#167], docketed on October 28, 2025,[1] Plaintiff alleges that he had not received any documents from Defendant.

In its Response [#186], Defendant claims that all relevant documents were mailed to Plaintiff by the court-ordered deadline of October 14, 2025. *Response* [#186] at 1. Defendant explains that Plaintiff's facility refused delivery and the documents were returned to sender on October 29, 2025, and October 30, 2025. *Id.* at 3. As such, Defendant mailed them again and confirmed they were delivered on November 3, 2025. *Id.* Mr. Prunka notified Plaintiff that Plaintiff's facility refused to accept the documents at the first delivery attempt. *Id.* at 3. Mr. Prunka provides a detailed declaration supporting each of these assertions. *See Prunka Decl.* [#186-2].

A prerequisite to civil contempt is that a party disobeyed a court order. *F.T.C. v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004). "[A] plaintiff must prove liability by clear and convincing evidence." *Id.* at 756. Plaintiff does not satisfy this burden. Defendant timely mailed the documents to Plaintiff before the October 14, 2025 deadline. *See Certificates of Service* [#186-2] at 14, 16. The prison refused to accept these documents because they failed to include Mr. Prunka's attorney bar number. *See Notice of Return to Sender* [#186-2] at 11, 23. Thereafter, Defendant took reasonable steps to substantially comply with the Court's order by promptly resending all relevant documents. *See Spectra Sonics Aviation, Inc. v. Ogden City*, No. 89-4142, 1991 WL 59369, at *2 (10th Cir. Apr. 19, 1991) ("[I]t is a defense to a claim of civil contempt if the [d]efendant takes all reasonable steps and substantially complies with the court order."). Civil contempt is inappropriate and unwarranted under these circumstances. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Contempt [#167] is **DENIED**.

**B.     Plaintiff's Motion for Sanctions [#168]**

Plaintiff also requests that the Court sanction Defendant for the same conduct described above. *See Motion for Sanctions* [#168]. However, as the Court previously explained, Defendant did not violate the Court's prior order. In fact, Defendant mailed the documents before the Court imposed deadline of October 14, 2025. When those documents were ultimately returned, Defendant expeditiously notified Plaintiff and remailed them. The Court identifies no sanctionable conduct. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Sanctions [#168] is **DENIED**.

---

[1] The docketed motion does not include the envelope in which the motion was mailed to the Court; therefore, the date on which Plaintiff placed the Motion [#167] in the prison mail is unknown.

**C.      Plaintiff's Motion to Extend Deadlines [#169]**

Plaintiff requests the Court extend all remaining deadlines in this case by 45 days based on the delayed production of relevant documents. *See Motion to Extend Deadlines* [#169]. In addition, he requests that "no further extensions be granted to Defendant absent full compliance with Document 161," *i.e.*, the deadlines the Court imposed at October 2, 2025 discovery hearing. *Id.* at 5. Defendant did not file a response or otherwise indicate opposition to the Motion [#169]. For good cause shown,

IT IS HEREBY **ORDERED** that the Motion [#169] is **GRANTED in part** and **DENIED in part**. It is **denied in part** to the extent Plaintiff requests that no further extensions be granted to Defendant. It is **GRANTED in part** to the extent it requests an extension of the case deadlines for all parties. The deadline to make affirmative expert disclosures is **February 2, 2026**. The deadline to make rebuttal expert disclosures is **March 6, 2026**. The discovery cutoff is **April 6, 2026**. The deadline to file dispositive motions is **May 4, 2026**. **No further extensions of the case deadlines will be permitted absent extraordinary circumstances.**

**D.      Plaintiff's Motion for Protective Order [#190]**

Plaintiff requests the Court enter a protective order to "prevent further discovery abuse and litigation gamesmanship." *Motion* [#190] at 1. He first claims that Defendant failed to produce CPM SERTS logs for 2010 and 2022, as well as D/R logs for disputes dated January 13, 2022, and December 18, 2021. *Id.* at 1-2. However, Defendant responds that these documents were provided to Plaintiff in accordance with the Court's October 2, 2025 Order. *Response* [#196] at 2-3.

Next, Plaintiff alleges Defendant produced a blank CD/DVD after representing that it contained responsive documents. *Motion* [#190] at 2. Defendant contends that it mailed Plaintiff a CD/DVD with the requested digital copies of the non-confidential information; however, Defendant cannot speak to Plaintiff's ability to access the documents on the CD/DVD. *Response* [#196] at 3. Defendant also points out that Plaintiff does not contest that he did, in fact, receive hard copy versions of these same documents. *Id.*

Next, Plaintiff claims that Defendant "back-dated a letter to claim timely mailing of confidential documents," that former counsel for Defendant falsely declared the mailing dates of those documents, and that Defendant's new counsel "repeated false factual contentions in filings[.]". *Motion* [#190] at 2. However, as noted in Section A above, the Court finds that Defendant has not falsified or fabricated the dates of which the documents were mailed. Ultimately, the Court finds that Defendant has not engaged in abusive discovery tactics, nor has Defendant engaged in any sanctionable conduct that would otherwise warrant a protective order. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Protective Order [#190] is **DENIED**.

**E.     Plaintiff's Motion to Compel Supplemental and Amended Responses and for Sanctions [#192]**

In his Motion to Compel Supplemental and Amended Responses and for Sanctions [#192], Plaintiff again rehashes the issue regarding Defendant's delayed production of documents pursuant to the Court's October 2, 2025 order. The Court has already found that Defendant substantially complied with its discovery obligations and produced the required documents, so it will not readdress this issue.

Plaintiff then explains that Defendant's interrogatory responses were not verified. *Id.* at 3. Defendant has attached a copy of the verification to their Response [#196]. *See Verification* [#196-1]. Moreover, Plaintiff takes issue with Defendant's responses to written discovery, claiming that they are "incomplete," "evasive, contradictory, and amount to gamesmanship." *Motion* [#192] at 5. For instance, Plaintiff claims that Defendant's interrogatory responses lodge boilerplate objections, and that Defendant's admissions are contradictory. *Id.* Plaintiff asks that Defendant be ordered to serve amended interrogatory responses. *See id.* at 6. In response, Defendant "stands on its prior arguments regarding discovery at the October 2, 2025 hearing, as well as the Court's October 2, 2025 Order, which required production of confidential documents, amended responses to Interrogatory #8 and Requests for Production #4, #5, #10, and denied amended responses with respect to other discovery requests." *Response* [#196] at 5-6. Defendant contends it complied with the Court's order and that Plaintiff has failed to demonstrate otherwise. *Id.* at 6.

The Court agrees with Defendant. Plaintiff does not specifically explain how Defendant's responses to written discovery are deficient. *See Motion* [#192] at 5 (merely noting that Defendant's responses to interrogatories were "[b]oilerplate objections and false denials[.]"). Nor does Plaintiff attach the at-issue discovery responses for the Court to review. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#192] is **DENIED without prejudice**.

**F.     Plaintiff's Motion for Leave to Request Judicial Notice [#193]**

In the Motion for Leave to Request Judicial Notice [#193], Plaintiff asks the Court to take judicial notice of certain state court orders, certified mail tracking records, and certain case law. *See Motion* [#193] at 1-2. When a party requests judicial notice of a fact and supplies the court "with the necessary information," then the court "must take judicial notice." FED. R. EVID. 201(c)(2). Here, Plaintiff does not attach the at-issue documents to his Motion [#193]. Moreover, he fails to demonstrate how the documents are relevant to the resolution of his claims. *See Faircloth v. Hickenlooper*, No. 18-cv-01249-RM-STV, 2019 WL 13359576, at *2 (D. Colo. Feb. 13, 2016) (denying motion for judicial notice where pro se plaintiff did not explain the relevance of the at-issue documents); *White River Vill., LLP v. Fidelity & Deposit Co. of Maryland*, Nos. 08-cv-00248-REB-MEH, 08-cv-00359-REB-MEH, 2009 WL 2913242, at *1 (D. Colo. Sept. 8, 2009). Furthermore,

4

while Plaintiff appears to ask the Court to draw factual and legal conclusions from the various documents, "[j]udicially noticed documents . . . are only considered to show their contents, not to prove the truthfulness of those contents." *Maturin v. T-Mobile USA, Inc.*, No. 24-cv-1125 JCH/SCY, 2025 WL 1642420, at *3 (D.N.M. June 10, 2025). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#193] is **DENIED without prejudice**.

### G.    Plaintiff's Motion for Sanctions [#194]

In his Motion for Sanctions [#194], Plaintiff requests sanctions against counsel for Defendant for two reasons. *Motion* [#194] at 1. First, he again avers that counsel for Defendant misrepresented the mailing dates associated with Defendant's recent production of documents. *Id.* at 2. This is the same argument Plaintiff raised in his earlier motions. *See Motions* [#167, #168].

In addition, Plaintiff claims that counsel for Defendant lodged an allegation that Plaintiff hired Tammy Estrada to prepare his briefing. *Motion* [#194] at 1. More specifically, in an earlier response to one of Plaintiff's many motions, Defendant stated that Plaintiff "retained an independent paralegal firm to assist in preparing [his Motion for Sanctions [#168]." *Response* [#186] at 7 (quoting Plaintiff's Motion for Sanctions [#168]). Plaintiff takes issue with this accusation.

However, in Plaintiff's earlier Motion for Sanctions [#168]—the one to which Defendant was responding—Plaintiff expressly stated that he retained an independent paralegal firm to assist in preparing that motion. *Motion for Sanctions* [#168] at 4. Plaintiff also attached the invoice for those fees. *Motion for Sanctions* [#168] at 6-7. In its Response [#196] to the instant Motion for Sanctions [#194], Defendant explains that the invoice is from Bigdog Independent Consultants. *Response* [#196] at 9. Defendant identified this company as being registered to Ms. Tammy Estrada through the Colorado Secretary of State website. *Id.* Accordingly, Defendant drew the inference that Ms. Estrada continues to act as an advocate on Plaintiff's behalf, despite the Court's prior Order. *See Courtroom Minutes* [#124] at 1 ("Plaintiff's power of attorney, Ms. Estrada, may not act as an advocate for the plaintiff. She may only act as a pass-through for email communication between the plaintiff and defense counsel."). Moreover, Defendant's act of pointing out Ms. Estrada's involvement is exactly what the Court previously ordered Defendant to do. *See id.* ("Defense counsel is to alert the Court if Ms. Estrada is acting as an advocate or holding herself out as a representative of the plaintiff."). Plaintiff's Motion [#194] fails to identify any sanctionable conduct. Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Sanctions [#194] is **DENIED**.

The Court will separately address Ms. Tammy Estrada's involvement in this case in due course.

Dated: December 18, 2025

5